UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,    Plaintiff,

v.    Criminal Action No. 3:18-cr-172-DJH

MATTHEW D. THOMPSON,    Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Matthew D. Thompson is charged with conspiracy to possess with intent to distribute controlled substances causing death, two counts of possession of controlled substances with intent to distribute, and money laundering. (*See* D.N. 77) Following a hearing, Magistrate Judge Regina S. Edwards ordered that Thompson be detained pending trial. (*See* D.N. 104) Thompson moved for review of the detention order under 18 U.S.C. § 3142(b) and (i) (*see* D.N. 187), which the Court denied. (*See* D.N. 203) Thompson again moves for review of the detention order and release to home incarceration under the same statutory provisions, and newly argues that his continued detention violates the due process clause.[1] (*See* D.N. 231, PageID # 986) For the reasons discussed below, the Court will deny Thompson's motion.

**I.**

Thompson was charged by superseding indictment on September 4, 2019, with conspiracy to possess with intent to distribute controlled substances causing death; two counts of possession

---

[1] Thompson's motion cites 18 U.S.C. § 3141(b) and (i), but since 18 U.S.C. § 3141(b) only pertains to release pending sentencing or appeal, which does not apply here, and § 3141(i) does not exist, the Court assumes that this was a typographical error and will construe the motion as a request under § 3142(b) and (i).

1

of controlled substances with intent to distribute; and money laundering. (*See* D.N. 77) Thompson entered a plea of not guilty at his arraignment on September 30, 2019. (*See* D.N. 103)

Judge Edwards held a detention hearing immediately after she arraigned Thompson. (*See* D.N. 103; D.N. 104) The government requested detention based on Thompson's extensive criminal history, the fact that multiple bench warrants had previously been issued to Thompson for failing to appear in court, and Thompson having been a fugitive from justice. (*See* D.N. 190, PageID # 852, 855) The government also argued that Thompson had "several opportunities to comply with the court" but failed to do so, most recently by receiving additional charges while on diversion. (*Id.*, PageID # 855) The parties agreed that the presumption of detention applied. (*See id.*, PageID # 852); *see* 18 U.S.C. § 3142(e)(3).

Judge Edwards agreed with the government and the recommendation from the United States Probation Office and ordered Thompson detained. (*See* D.N. 190, PageID # 856–57) Judge Edwards specifically expressed concerns about Thompson's "ability to show up, especially in the face of very, very serious charges" (*id.*, PageID # 856), and found that electronic monitoring would not sufficiently mitigate this concern. (*See id.*, PageID # 857) Judge Edwards ultimately concluded that "based upon [Thompson's] record and based upon the recommendation that's been provided by probation . . . there is [no] condition or set of conditions that will satisfy this court, in the face of very serious charges that are now pending, that Mr. Thompson is not at risk for failure to appear in this case." (*Id.*, PageID # 856–57)

In December 2019, the Court scheduled Thompson's trial for May 2020. (*See* D.N. 138) In April 2020, the Court continued the trial until July 2020 pursuant to General Order 20-09, which continued all trials based on the risk to public health created by the coronavirus pandemic. (*See* D.N. 173, PageID # 779) The Court subsequently granted the government's motion to continue

the trial until August 2020, which Thompson did not oppose. (*See* D.N. 186, PageID # 834) At that point, Thompson's trial was scheduled to occur alongside three codefendants. (*See id*.) In August 2020, the Court severed and remanded Thompson's trial because "proper social distancing and effective in-trial communications would be extraordinarily difficult with four defendants" and "the defendants would likely be prejudiced as a result." (D.N. 204, PageID # 929) The Court then set Thompson's trial for December 2020. (*See* D.N. 217) Subsequently, pursuant to General Order 20-23, which mandated the continuance of jury trials due to the ongoing risks caused by the pandemic, the Court remanded Thompson's trial (*see* D.N. 232) and reset it for April 5, 2021. (*See* D.N. 238)

## II.

Pursuant to 18 U.S.C. § 3142, a defendant must be released pending trial unless the Court finds, following a hearing, "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). When a grand jury charges a defendant with an offense described in § 3142(e)(3), a rebuttable presumption against release applies. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The parties agree that this presumption applies here. (*See* D.N. 190, PageID # 852; D.N. 187, PageID # 839; D.N. 233, PageID # 999) The Court decides the issue of detention based upon the factors set forth in 18 U.S.C. § 3142(g) and, if it orders detention, must reach this decision by clear and convincing evidence. 18 U.S.C. § 3142(f).

The Court reviews a detention decision de novo. *See United States v. Shelton*, No. 3:19-CR-14, 2020 WL 1815941, at *2 (W.D. Ky. Apr. 9, 2020) (citing *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985)).

**A.**     **18 U.S.C. § 3142(b)**

Thompson "requests a review of his detention order based [sic] the delays in his trial and upon the significant change in circumstances since that time caused by the novel coronavirus pandemic." (D.N. 231, PageID # 987) Specifically, Thompson argues that his "prolonged and indefinite detention" and "the repeated delays in [his] trial through no fault of [his own], along with the greatly heightened health risk to Mr. Thompson and the community due to the pandemic are compelling reasons justifying [his] release on bail." (D.N. 231, PageID # 988) But these arguments do not pertain to the applicable § 3142(g) factors, which require the Court to consider "the nature and circumstances of the offense charged . . . the weight of the evidence against the [defendant] . . . the history and characteristics of the [defendant] . . . [and] the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

Thompson acknowledges that the charges against him are serious but argues that none of the discovery produced by the government indicates that he "was involved in the drug transaction that resulted in the death." (D.N. 231, PageID # 991) Thompson therefore concludes that his "alleged connection to these charges is not strong." But "the weight of the evidence against the [defendant]" factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)); 18 U.S.C. § 3142(g)(2). The weight of the evidence of Thompson's guilt is therefore not a relevant inquiry at this stage.

Thompson also argues that the "Court previously found that a risk of flight was the reason for [his] detention" and that "[t]he current emergency caused by the pandemic has greatly diminished" this risk. (D.N. 231, PageID # 992) Thompson previously raised this argument and the Court rejected it after determining that Thompson failed "to articulate how the pandemic has

4

altered the foundation of Judge Edwards's" concerns about his ability to show up. (D.N. 203, PageID # 927)  As before, Thompson has failed to specifically articulate how the pandemic has altered his situation in such a way as to allay concerns about his appearance at trial.  The Court therefore again concludes that Judge Edwards's determination "that detention was warranted is supported by the facts and applicable standards" and that ongoing pretrial detention is proper. (D.N. 203, PageID # 927–28)

**B.      18 U.S.C. § 3142(i)**

Section § 3142(i) provides for temporary release if "necessary for preparation of the [defendant's] defense or for another compelling reason."  18 U.S.C. § 3142(i).  In the context of COVID-19, the Sixth Circuit considers four factors to determine whether the pandemic constitutes a "compelling reason" for a defendant's release:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020) (quoting *United States v. Clark*, No. 19-40068-01, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)).

In its previous order, the Court carefully applied these factors to Thompson's situation and concluded that they did not support pretrial release under § 3142(i). (*See* D.N. 203, PageID # 924–26)  Thompson's present motion does not specifically address these factors, stating only that "all of Kentucky has now become a [COVID-19] hot spot." (D.N. 231, PageID # 987)  Thompson also notes that if released he could quarantine at his mother's house, where he has his own room. (*Id.*, PageID # 992)  But Thompson does not explain how his release plan mitigates his own COVID-19 risks or if it would increase risks to others. (*See id.*)  Absent this information, or any new

information regarding Thompson's specific COVID-19 concerns, the Court again finds that the coronavirus pandemic does not entitle Thompson to pretrial release under § 3142(i). (*See* D.N. 203, PageID # 924–26)

**C.     Due Process**

"Pretrial detention violates the Fifth Amendment when it amounts to 'punishment of the detainee.'" *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Court makes this determination on a case-by-case basis. *Id*. (citing *United States v. Orena*, 986 F.2d 628, 630 (2d. Cir. 1993)). The Sixth Circuit has identified four factors "to be considered in determining if the pretrial detention is unconstitutionally excessive: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based." *Id*. (citing *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000)); *see also United States v. Bothra*, No. 19-1953, 2019 WL 8883664, at *2 (6th Cir. Nov. 5, 2019). Applied here, the factors do not support Thompson's claim that his pretrial detention has exceeded constitutional limitations.

First, "[t]he length of pretrial detention is not dispositive, and will, by itself, rarely offend due process." *Watson*, 475 F. App'x at 601. In *Watson*, the Sixth Circuit found that a pretrial detention length of one year, in combination with the other relevant factors, did not violate the defendant's due process rights. *Id*. at 601–03. The Sixth Circuit also noted that while courts have found lesser periods of detention excessive, "they have also found lengthier periods" (e.g., thirty to thirty-three months) not to violate due process. *Id*. at 601–02. Thompson has been detained since September 27, 2019, a duration approaching fifteen months. (*See* D.N. 101; D.N. 231, PageID # 985) The Court must "look to the other factors in conjunction with length of detention"

6

in order to assess whether Thompson's fifteen-month pretrial detention violates his due process rights. *Watson*, 475 F. App'x at 602.

Second, Thompson's trial has been rescheduled four times. (*See* D.N. 173; D.N. 186; D.N. 217; D.N. 238). Public health risks created by the coronavirus pandemic necessitated three of these delays. (*See* D.N. 173; D.N. 204; D.N. 232) The only other continuance—a modest delay of just a month and a half—occurred at the request of the government, which Thompson did not oppose. (*See* D.N. 186, PageID # 834) Thompson argues that the responsibility for these delays "must ultimately rest with the government rather than" with him. (D.N. 231, PageID # 991)[2] The Court disagrees. While regrettable, the delays to Thompson's trial caused by the global pandemic—which has forced the entire judicial system to adapt in unprecedented ways—are not the government's responsibility. The one continuance requested by the government delayed trial only briefly, and Thompson did not oppose it. (*See* D.N. 186, PageID # 834) This factor thus weighs against Thompson.

Third, Thompson has been charged with four significant offenses: conspiracy to possess with intent to distribute controlled substances causing death, two counts of possession of controlled substances with intent to distribute, and money laundering. (D.N. 77) Thompson himself acknowledges the seriousness of these charges. (D.N. 231, PageID # 991) The presumption of detention underscores their severity. (*See* D.N. 190, PageID # 852); *see Bothra*, 2019 WL 8883664

---

[2] In support, Thompson cites *Barker v. Wingo* (*see* D.N. 231, PageID # 991), where the Supreme Court stated that "[a] more neutral reason [for pretrial delay] such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker v. Wingo*, 407 U.S. 514, 531 (1972). But Thompson invokes the wrong test— *Barker* deals with the Sixth Amendment right to a speedy trial, *see id.* at 515, not the Fifth Amendment due process right that Thompson asserts. (*See* D.N. 988) Even assuming the analysis in *Barker* applies, the Court finds that the coronavirus pandemic would constitute "a valid reason" for delay, which "serve[s] to justify appropriate delay." *Barker*, 407 at 531.

7

at *2 ("[T]he charges are serious, given that the presumption of detention applied."). This factor therefore also weighs against Thompson.

Finally, Thompson argues that the evidence connecting him to the first charge "is not strong." (D.N. 231, PageID # 991) But the relevant evidence here is "the evidence upon which the detention was based." *Watson*, 475 F. App'x at 601 (citing *El-Hage*, 213 F.3d at 79). As discussed above, this is the evidence of dangerousness, meaning "whether there are conditions which will assure the appearance of the accused and safety of the community." *Hazime*, 762 F.2d at 37; *see supra* part II.A. Thompson's history of failing to appear as directed by a court, resulting in the issuance of multiple bench warrants, raised serious concerns about his commitment to appear as directed. (*See* D.N. 190, PageID # 853–56) This factor thus weighs against him.

While extraordinary circumstances have lengthened the time of Thompson's pretrial detention, the Court must "balance[] all of the applicable factors," which here demonstrate that Thompson's pretrial detention has not been "unconstitutionally excessive." *Watson*, 475 F. App'x at 603. The Court therefore finds that, to date, Thompson's due process rights have not been violated by his detention.

### III.

Thompson has not shown that pretrial release is warranted under 18 U.S.C. § 3142(b) or (i), nor has he demonstrated a due process violation. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Thompson's motion for release to home incarceration (D.N. 231) is **DENIED**.

8